# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA L. HIRKO, | ) | CASE NO. 1:15CV580 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Alexandra Hirko ("plaintiff" or "Hirko") appeals from the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her application for child's insurance benefits and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge Kathleen B. Burke for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge's R&R recommends that the Court find that the Commissioner's decision is supported by substantial evidence, and affirm the Commissioner's decision. (Doc. No. 19.) Plaintiff has filed objections to the R&R (Doc. No. 21 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 22 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court sustains plaintiff's objections, accepts in part and rejects in part the R&R, and remands the matter to the Commissioner for further proceedings.

## I.  PROCEDURAL BACKGROUND

Plaintiff does not object to the Magistrate Judge's recitation of the facts and procedural history in the R&R. The Court adopts and incorporates that portion of the R&R in full, and only provides a brief review of the background facts in order to provide context for plaintiff's

objections. Plaintiff was born on December 12, 1993. (Doc. No. 12 (Transcript of Proceedings before the Social Security Administration ["Tr."]) at 104, 156.)[1] In 2010, plaintiff was determined to be a disabled child and the Commissioner granted her SSI benefits, but these benefits have since ceased. She was 18 years old when she filed the instant claim with the Social Security Administration for SSI and child's insurance benefits. On May 6, 2014, the Administrative Law Judge ("ALJ") issued a decision denying her claim. (*Id*. at 95-111.) The ALJ determined that plaintiff suffered from the following severe impairments: Crohn's disease with inflammatory arthritis, migraine headaches, patella femoral syndrome, and chronic pain syndrome. (*Id*. at 98.) Nonetheless, the ALJ determined that plaintiff was not disabled because she did not have an impairment that met or equaled the severity of one of the listed impairments in the social security regulations, and because she had the residual functional capacity ("RFC") to perform a range of sedentary work as defined in the regulations. (*Id*. at 99-103.)

The R&R recommends that the ALJ's decision, which became the final decision of the Commissioner following administrative review, be affirmed. In advancing this recommendation, the Magistrate Judge rejected plaintiff's two arguments: (1) that the ALJ erred in failing to consider whether plaintiff's inflammatory arthritis met or equaled Listing 14.09D, and (2) that the ALJ failed to properly evaluate and consider opinions from other sources found in the record.

The latter argument related to record evidence offered by Megan Feaster, plaintiff's high school guidance counselor, who submitted a letter detailing the accommodations plaintiff was afforded in school, due to her medical conditions, and the fact that these medical conditions

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

caused plaintiff to miss school "many, many times[.]"[2] (Tr. at 354.) Plaintiff also offered letters from her father, grandmother, friend, and internship supervisor, who each discussed their observations regarding the impact plaintiff's medical conditions had on her ability to function. (*Id.* at 355-61.) In her merits brief, plaintiff complained that the ALJ failed to consider, evaluate, and assign any weight to these "other source" third party statements, in violation of SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006). (Doc. No. 14 at 1353-56.) Noting that the ALJ was not "required to cite every piece of evidence[,]" the Magistrate Judge rejected plaintiff's argument because the ALJ generally considered the symptoms referenced in these third party statements. (R&R at 1405.) Plaintiff's objections are limited to the R&R's proposed resolution of this "other source" opinions argument under SSR 06-03P.

## II. STANDARD OF REVIEW

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "'Substantial evidence is more than a scintilla of evidence but less

---

[2] Also in evidence was the August 30, 2011 Section 504 Plan, prepared by Feaster, which set forth the specific accommodations plaintiff was to receive in her senior year of high school to help her deal with her medical impairments. (Tr. at 1083-84.)

than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (alteration in original) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

### III.  PLAINTIFF'S OBJECTION: THE ALJ FAILED TO PROPERLY CONSIDER "OTHER SOURCE" OPINIONS UNDER SSR 06-03P

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in failing to cite evidence proffered by plaintiff's non-medical sources, particularly that of Feaster, her high school guidance counselor. She argues that the R&R's conclusion that the ALJ was not required to explain the weight assigned to the opinions from non-medical sources "directly contradicts the

Defendant Commissioner's own regulations and rulings." (Obj. at 1410.) Specifically, plaintiff contends that the ALJ's decision violates SSR 06-03P, which governs the consideration of opinions and information from non-medical sources. (*Id*. at 1410-11.)

Plaintiff does not dispute that her high school guidance counselor is not an "acceptable medical source" that is entitled to the type of "controlling weight" that is given to "acceptable medical sources." *See* 20 C.F.R. §§ 404.1527(a)(2); 404.1527(d), 416.927(a)(2), 416.927(d). However, the ALJ must consider all of the available evidence in the individual's case record, including information from "other sources." Included in the list of relevant "non-medical sources" that must be considered are: "[e]ducational personnel, such as school teachers, counselors, early intervention team members, developmental center workers, and daycare center workers." SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006). "Spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers" also qualify as "other sources" for purposes of the regulations. *Id*. While information from these "other sources" cannot establish a qualifying disability, SSR 06-03P makes clear that such information "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*. Specifically, SSR 06-03P explains:

> "[n]on-medical sources" who have had contact with the individual in their professional capacity, such as teachers, school counselors, and social welfare agency personnel who are not health care provides, are also valuable sources of evidence for assessing impairment severity and functioning. Often, these sources have close contact with the individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time. Consistent with 20 CFR 404.1513(d)(4) and 416.913(d)(4), we also consider evidence provided by other "non-medical sources" such as spouses, other relatives, friends, employers, and neighbors.

*Id*., at *3.

In evaluating the opinions from "other sources," an ALJ should consider various factors, "including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citation omitted); *see* SSR 06-03P. The ruling's explanation of the consideration to be afforded "other source" opinions provides:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, *the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning*, when such opinion may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision in hearing cases and in the notice of determination (that is, in the personalized disability notice) at the initial and reconsideration levels, if the determination is less than fully favorable.

SSR 06-03P, 2006 WL 2329939, at *6 (emphasis added).

Given this guidance, "it will rarely be enough for the commissioner to silently 'consider' the above-mentioned factors in deciding how much weight to give to an 'other source' who has seen the claimant in the source's professional capacity." *Estep v. Comm'r of Soc. Sec.*, CASE NO. 15-CV-10329, 2016 WL 1242360, at *3 (E.D. Mich. Mar. 30, 2016); *see Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) ("An ALJ must consider other-source opinions and 'generally should explain the weight given to opinions for these 'other sources [.]'") (alteration in original) (quoting SSR 06-03P). Rather, "[t]he Sixth Circuit has repeatedly recognized that the commissioner must make an adequate record of the commissioner's

6

consideration of an 'other source' who has seen the claimant in the source's professional capacity." *Estep*, 2016 WL 1242360, at *3 (collecting cases); *Hatfield v. Astrue*, No. 3:07-cv-242, 2008 WL 2437673, at *3 (E.D. Tenn. June 13, 2008) (noting that "[t]he Sixth Circuit . . . appears to interpret the phrase 'should explain' as indicative of strongly suggesting that the ALJ explain the weight [given to an 'other source' opinions], as opposed to leaving the decision whether to explain to the ALJ's discretion") (citing *Cruse*, 502 F.3d at 541). Still, "[s]o long as the ALJ addresses the opinion [from an 'other source'] and gives reasons for crediting or not crediting the opinion, the ALJ has complied with the regulations." *Drain v. Comm'r of Soc. Sec.*, No. 14-cv-12036, 2015 WL 4603038, at *4 (E.D. Mich. July 30, 2015) (citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011)).

Here, the ALJ did not even mention the opinions offered by Feaster and the other non-medical sources, and, in fact, the only reference to this material was contained in the exhibit list.[3] (*See* Tr. at 107-08.) The R&R reasons that this omission does not necessitate reversal and remand because the ALJ otherwise discussed the symptoms that were identified in these documents and provided her reason for discounting these symptoms; namely, that the symptoms had dissipated over time. (R&R at 1405.) Thus, the R&R concludes, the overall decision is supported by substantial evidence and the other source opinions "do not impact the outcome of Hirko's case[.]" (*Id.*) Additionally, the Magistrate Judge finds that the opinion shared by plaintiff's father and grandmother—that plaintiff was unable to work—was not properly before the ALJ because it went to the ultimate determination of disability that is reserved for the ALJ. (*Id.*)

---

[3] The ALJ's decision did reference the 504 Plan Feaster prepared for plaintiff but only to note that the plan contained no mention of a reading disorder. (Tr. at 98.)

Plaintiff directs the Court's attention to the Sixth Circuit's decision in *Cruse*. There, the ALJ discounted the opinion of a nurse practitioner, who had treated the claimant and opined that the claimant's conversion and anxiety disorders rendered her unable to work. While the ALJ mentioned the nurse practitioner's opinion in his decision, he rejected it on the basis of her credentials, noting that the nurse practitioner was neither a medical doctor nor a vocational expert. *Cruse*, 502 F.3d at 540-41. In rejecting this analysis as insufficient under SSR-06-03P, the Sixth Circuit observed:

> As it stands, the ALJ's decision was devoid of any degree of specific consideration of nurse practitioner Hasselle's functional assessments. Following SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of Hasselle's assessment, so as to have provided some basis for why he was rejecting the opinion.

*Id*. at 541.[4]

The record, here, is thinner than that presented in *Cruse*, as the ALJ failed to even mention the other source opinions offered by claimant. The fact that the ALJ indicated that she considered "the entire record," and included the documents containing the other source opinions in the list of record exhibits, is insufficient to demonstrate that this information factored into her analysis. *See, e.g., Estep*, 2016 WL 1242360, at *2-*3 (ALJ's statement in her decision that she "careful[ly] consider[ed] . . . the entire record" was insufficient where ALJ failed to mention or discuss weight given to opinion of social worker); *Boran ex rel. S.B. v. Astrue*, No. 1:10CV1751, 2011 WL 6122953, at *14 (N.D. Ohio Nov. 22, 2011) ("The mere citation to the opinions of [claimant's case workers] is not sufficient to satisfy SSR 06-03P because it does not allow a

---

[4] The Sixth Circuit did not reverse on this ground because SSR 06-03P "was not implemented until August 9, 2009, after the Administration had issued its December 4, 2004 final decision [on the plaintiff's claim] through the Appeals Council." *Id.*

subsequent reviewer to follow the ALJ's reasoning in disregarding these opinions, which might have had an effect on the outcome of the case.") Moreover, the ALJ's general consideration of the symptoms identified in these documents, without any discussion of the factors used to evaluate other source opinions, leaves open the possibility that the ALJ failed to take into consideration the context in which the opinion and observations contained therein were made.

This oversight cannot be dismissed as insignificant, given that the observations and opinions offered by claimant's former high school counselor, family, and friend paint a very different picture of claimant's ability to function with her physical and mental limitations than that offered by the medical sources relied upon by the ALJ. While some of the observations may have been based on plaintiff's self-reported symptoms, the 'other source' opinions were also the product of direct observation of physical reactions, such as swelling of joints and vomiting. This information came from individuals who had an opportunity to observe plaintiff over a considerable period of time, and to see her in a variety of settings. They were, therefore, in an excellent position to evaluate the impact plaintiff's medical conditions had on her everyday life.

Therefore, the Court finds that the ALJ violated SSR 06-03P when she failed to explain the weight she gave to the opinion of Feaster and the other non-medical sources. At a minimum, the ALJ should have acknowledged the opinions and then discussed the factors identified in SSR 06-03P, as relevant, to explain her treatment of these opinions. *See Cruse*, 502 F.3d at 541; *Edwards v. Comm'r of Soc. Sec.*, Case No. 1:14-cv-0832, 2016 WL 54690, at *6 (W.D. Mich. Jan. 5, 2016) ("While the ALJ is not required to explicitly discuss each of the factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment.") (citations omitted). It may be that, as the Magistrate Judge suggests, the ALJ rejected these opinions because the symptoms identified by these sources had dissipated over time. However,

the Court cannot make that determination because the ALJ's decision does not permit a reviewing court to follow the reasoning and treatment of the evidence before her. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378-79 (6th Cir. 2013) (district court erred in presuming that therapist's opinion, that was not even acknowledged in ALJ's decision, was rejected because the findings in the opinion were reflected in a physician's opinion). Because the decision precludes meaningful judicial review, the Court cannot make a determination as to whether the decision is supported by substantial evidence. Accordingly, the Court must remand the Commissioner's decision so that the ALJ can properly consider and discuss the other source opinions.

### IV. CONCLUSION

For all of the foregoing reasons, the plaintiff's objections are sustained, the R&R is accepted in part and rejected in part, and the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

Dated: August 26, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**